UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AVENTURA LAND HOLDINGS, LTD.,
AVENTURA LAND HOLDING (DEL.), INC.,
JAMES COHEN, BRIAN STREET,
RAY NICHOLSON, and MARK PAPAK,

      Plaintiffs,

vs.                              CASE NO. 1:15-cv-21744

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.
_____/

## WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S NOTICE OF REMOVAL

    WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WSLIC"), pursuant to 28 U.S.C. § 1441, removes the action below to this Court, and in support states:

### BACKGROUND TO THIS COVERAGE ACTION

    1.    AVENTURA LAND HOLDINGS, LTD., AVENTURA LAND HOLDINGS (DEL.), INC., JAMES COHEN, BRIAN STREET, RAY NICHOLSON, and MARK PAPAK (collectively, "Plaintiffs") filed suit against WSLIC in circuit court in the Eleventh Judicial Circuit, in Miami-Dade County, Florida, bearing Case No. 2014-030835-CA-01.

    2.    Plaintiffs seek coverage under two policies issued by WSLIC: a commercial general liability policy with a per occurrence limit of $1,000,000 and a commercial umbrella policy with a per occurrence limit of $10,000,000. Both policies were attached as exhibits to their complaint.

    3.    Plaintiffs seek coverage for two underlying faulty construction lawsuits. The first lawsuit was by Alfred and Sandra Geller ("Geller Lawsuit"). In the complaint, the Gellers allege

that they owned a unit in the Hamptons South Condominium, a 28-story luxury condominium building.  The Gellers purchased the unit for $2,282,543, but allege it suffers from various faulty construction.  The Gellers also allege contractual damages of $273,750 a year, beginning in March 2005.

4. The second lawsuit is by the Hamptons South Condominium Association, Inc., (the "Association Lawsuit").  In that action the association alleges widespread damage to the common areas and individual units at the same building that includes the Geller unit.

5. Plaintiffs allege that WSLIC failed to defend and indemnify them in the faulty construction lawsuits.  As damages from WSLIC, Plaintiffs seek the attorney's fees and costs they allegedly incurred to defend both of the actions, as well as any damages that they might be obligated to pay to the Gellers or to the association.

## STANDARD FOR REMOVAL

6. Removal is appropriate under 28 U.S.C. §1332 here because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. For diversity jurisdiction, this Court may consider the entire record, not merely the complaint. *See Woolard v. Heyer-Schulte,* 791 F. Supp. 294, 296 (S.D. Fla. 1992).

8. A defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers. *Id*. Otherwise, as the *Woolard* court explained, a defendant's statutory right to removal would be entirely contingent upon the plaintiff's choice of words in the complaint. *Id*. at 296-97.

9. In this case, the complaint and the additional record evidence establish that this Court has subject matter jurisdiction over this matter.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

10. At the time this action was filed, ALH, Ltd. was a limited liability partnership. For diversity, a limited partnership is a citizen of each state where any of its partners are citizens. *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004).

11. ALH (Del.) is the general partner of ALH, Ltd. It is incorporated under the laws of Delaware with its principal place of business in Florida. Accordingly, ALH (Del.) is a citizen of Delaware and Florida under 28 U.S.C. §1332 (c)(1).

12. JAMES COHEN is a limited partner of ALH, Ltd. At the time this action was filed, Cohen was a citizen of Florida.

13. BRIAN STREET is a limited partner of ALH, Ltd. At the time this action was filed, Street was a citizen of Florida.

14. RAY NICHOLSON is a limited partner of ALH, Ltd. At the time this action was filed, Nicholson was a citizen of Michigan.

15. MARK PAPAK is a limited partner of ALH, Ltd. At the time this action was filed, Papak was a citizen of Michigan.

16. Because the general partner and limited partners of ALH, Ltd. are citizens of Florida, Delaware, and Michigan, ALH, Ltd. is consequently a citizen of Florida, Delaware, and Michigan.

17. WSLIC is incorporated under the laws of Georgia with its principal place of business in Pennsylvania. Accordingly, WSLIC is a citizen of Georgia and Pennsylvania under 28 U.S.C. §1332 (c)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

18. It is obvious that that the amount in controversy exceeds $75,000. First, as is

evident from the Declarations pages, the limits of insurance of the two policies issued by WSLIC total $11 Million. (*See* Exhibits A and B to the removed complaint.)  Second, the Gellers allege widespread damage to their $2,282,543 luxury condominium, as well as contractual damages of $273,750 a year, allegedly accumulating beginning in March 2005. (*See* Exhibit C to the removed complaint.)  Third, the Association Lawsuit seeks to recover from ALH, Ltd. and ALH (Del.) the cost to construct, repair, and replace property located in the common areas and several individual units of the entire building. (*See* Exhibit D to the removed complaint.)  Fourth, Plaintiffs seek the attorney's fees and costs that they allegedly incurred to defend both of the lawsuits, which spanned several years and included 148 pages of docket entries. (*See* Composite Exhibit "B" to this notice.)  Consequently, though WSLIC denies that the allegations have any merit, it is apparent that the amount in controversy in this action exceeds $75,000.

## THE NOTICE OF REMOVAL IS TIMELY

19. WSLIC was forwarded a copy of the complaint on April 7, 2015; consequently, this notice is timely filed within 30 days of WSLIC's receipt of the initial pleading and within one year of commencement of the action, as required by 28 U.S.C. §1446(b).

## ALL OF THE ELEMENTS FOR REMOVAL ARE SATISFIED

20. As detailed, the state court action may be removed to this Court under 28 U.S.C. § 1441(a) because: (a) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Florida; (b) this action is between citizens of different states; and (c) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

21. As required by 28 U.S.C. § 1446(a), attached as Composite Exhibit "A" to this notice are copies of all process, pleadings and orders filed in the state court action.

22. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on Plaintiffs' counsel, and a notice of filing is simultaneously being filed with the Clerk of the Circuit Court in and for Miami-Dade County, Florida.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshawlaw.com
**MICHAEL D. FORD**
Florida Bar No. 89539
mford@hinshawlaw.com
2525 Ponce de Leon Boulevard
4th Floor
Miami, Florida 33134
Telephone: (305) 358-7747
Facsimile: (305) 577-1063

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 7, 2015, I e-filed this document using the CM/ECF system. I further certify that I am unaware of any non-CM/ECF participants.

/s/SINA BAHADORAN
**SINA BAHADORAN**